IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JASON CURTIS BROWN,**

    **Petitioner,**

v.                                    Case No. 2:09-cv-00172

**UNITED STATES OF AMERICA,**

    **Respondent.**

## O R D E R

Pending before the court is the United States of America's (hereinafter "Respondent") Motion to Seal Exhibit 1, Attachment D of the exhibits in support of Respondent's Response to Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket sheet document # 17).  Exhibit 1, Attachment D is Petitioner's Presentence Investigation Report ("PSR") prepared in the course of his federal criminal proceedings.  Respondent requests that the PSR be sealed in order to protect the privacy of Petitioner's personal information, and that of other individuals, which is discussed therein.

Rule 5.2(d) of the Federal Rules of Civil Procedure authorizes the filing of documents under seal without redaction upon court order.  Accordingly, for good cause as shown, it is hereby **ORDERED** that Respondent's Motion to Seal (# 17) be **GRANTED**.  The Clerk is directed to file Respondent's Exhibit 1, Attachment D under seal.

The Clerk is further directed to unseal the Motion to Seal and proposed order contained in docket entry # 17. There is no basis for the motion and proposed order to be sealed, as there is no confidential information or information concerning the privacy of any individuals contained in either of those documents.

When Respondent filed its Response to Petitioner's section 2241 petition (# 12), it did not attach the exhibits to the court's filing, nor did it send a copy to Petitioner. On May 22, 2009, Petitioner wrote a letter to Respondent's counsel requesting a copy of the exhibits. (# 13). On June 1, 2009, Petitioner filed a Reply to Respondent's Response to his section 2241 petition. (# 14). In that document, Petitioner stated that he still had not received a copy of the exhibits. Petitioner objected to having to respond without access to the exhibits, asserting that he had been placed "at a severe disadvantage." (# 14 at 1). Nevertheless, Petitioner attempted to address the substance of the subject claim. Petitioner also provided his own exhibits, many of which are duplicative of those cited to by Respondent.

Petitioner, who is presently in state, not federal custody, is not permitted to have a copy of his PSR at the state prison. To the extent that Petitioner believes he would need access to information in the PSR in order to further reply to Respondent's Response to his section 2241 petition, that issue must be addressed separately with the court.

Because Petitioner is apparently in possession of most, if not all, of the exhibits cited by Respondent, the undersigned **FINDS** that Petitioner has not been placed at a severe disadvantage because he did not receive a copy of the exhibits when Respondent served him with its Response. Nevertheless, in the interests of justice, now that the exhibits have been served on him, with the exception of the PSR as discussed above, Petitioner shall be provided with additional time to supplement his response, if necessary. It is hereby **ORDERED** that Petitioner's supplemental reply brief, if any, shall be filed by **September 11, 2009.** No additional briefing will be considered, unless so ordered by the court.

The Clerk is directed to transmit this Order to counsel of record and to mail it to Petitioner.

ENTER: September 1, 2009

                                      Mary E. Stanley
                                      United States Magistrate Judge

3