```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**JASON CURTIS BROWN,**

      **Petitioner,**

v.                                    Case No. 2:09-cv-00172

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 23, 2009, Petitioner, a state inmate currently confined at the Huttonsville Correctional Center, in Huttonsville, West Virginia[1], and acting pro se, filed a document entitled "Motion for Sentence Clarification and/or Motion Requesting Sentence Alteration (docket sheet document # 1). On March 5, 2009, at the request of the court, Petitioner filed a form Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition")(# 3). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] At the time that he filed his petition, Petitioner was confined at the Mount Olive Correctional Complex, in Mount Olive, West Virginia, which is within the jurisdiction of this federal court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 14, 2003, Petitioner was arrested by West Virginia authorities on a charge of first degree murder. He was placed in state custody at that time. (# 16, Resp't Ex. 1, ¶ 5 and Attach. D, Presentence Investigation Report). On May 15, 2003, Petitioner was charged in a three-count indictment returned in the United States District Court for the Southern District of West Virginia with aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (United States v. Brown, Case No. 3:03-cr-00107-02, # 1). Petitioner remained in state custody following his arrest, but was borrowed by federal authorities on May 15, 2003 and May 20, 2003, pursuant to writs of habeas corpus ad prosequendum, for pre-trial appearances. (# 16, Ex. 1, ¶ 6 and Attach. E, U.S. Marshals Form 129).

On June 30, 2003, Petitioner pled guilty to one count of aiding and abetting the distribution of cocaine base. On September 2, 2003, Petitioner was sentenced in the United States District Court for the Southern District of West Virginia to a 36-month term of imprisonment, followed by a 3-year term of supervised release. (Id., Ex. 1, ¶ 7 and Attach. C and E). Petitioner's Judgment Order was silent as to how Petitioner's sentence would run in relation to his then yet to be imposed state sentence. Petitioner was then returned to state custody. (Id.)

According to Petitioner's documents in support of his petition, he was not indicted on his state murder charge until September 13, 2003, after he had been sentenced by this federal court. (# 14, Ex. B). Petitioner pled guilty to second degree murder in the Circuit Court of Cabell County on or about February 7, 2005. (Id.) On April 8, 2005, Petitioner was sentenced by the state court to serve a 25-year sentence for second degree murder. (# 16, Ex. 1, ¶ 8 and Attach. B; # 14, Ex. B). Petitioner's state sentence was ordered to run concurrently with his federal sentence. (Id.)

Petitioner is still in state custody. According to Respondent's Response:

> Petitioner was scheduled for release from his state sentence on April 13, 2009. However, a stay of release was entered by the state court and Petitioner next parole hearing is scheduled for April 14, 2013. See Respondent's Exhibit 1, ¶ 9, Attachment A and Attachment F, Order to Stay Release 03-F-221. The detainer is contained in a United States Marshal Service form USM-17.

(# 12 at 3 n.2). According to the West Virginia Division of Corrections ("WVDOC") website, Petitioner's projected release date, if he is not granted parole, is May 15, 2013.

## PETITIONER'S CLAIM FOR RELIEF

Petitioner's section 2241 petition and related documents assert:

> Petitioner proffers that, inasmuch as he was not "indicted" by the State until after the Federal "indictment, plea and imposition of sentence," by this Honorable court, that the sentence imposed by this

3

> Honorable Court began to run immediately after it was imposed and handed down. Further, there was not an "indictment" by the State of West Virginia. Petitioner had only been charged. There was no outcome of the charging, or otherwise, during the date(s) of the entire Federal process. Thus, the Federal sentence was first, and the Petitioner proffers that the Federal sentence take priority over any sentence that was imposed by the State of West Virginia. Thus, Petitioner proffers that it would have been prudent and proper for the State of West Virginia to return Petitioner to the custody of the United States Federal Marshals, so that he could begin to complete his Federal sentence before beginning any State imposed sentence.
>
> However, Petitioner was placed in custody of the State of West Virginia, and has remained serving his State sentence. Petitioner now has a Federal detainer for the sentence that was initially imposed on September 2, 2003, by this Honorable Court. Thus, Petitioner is in a quandary and left completely bewildered, amazed and in a state of total confusion as to how and why he was not returned to the custody of the Federal Marshals to begin his Federal sentence.
>
> Lastly, 18 U.S.C. § 3621 "Imprisonment of a convicted person" (a) state[s] that "A person who has been convicted to a term of imprisonment pursuant to the provisions of subchapter D of this chapter . . . <u>shall</u> be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until released earlier for satisfactory behavior . . . ." <u>See Exhibit-d.</u>

(# 1 at 3-4; # 4 at 3-4). Thus, Petitioner contends that he first should have been placed in federal custody. Petitioner further contends that, had that occurred, his federal sentence would now be completed, except for his term of supervised release. Petitioner requests a clarification of the calculation of his sentence and any appropriate relief.

## **ANALYSIS**

Respondent's Response first asserts that Petitioner has not exhausted his administrative remedies as required, and that he cannot exhaust such remedies until he is in federal custody. See McClung v. Shearin, 90 Fed. Appx. 444 (4th Cir. 2004); United States v. Odiana, 7 F.3d 227 (4th Cir. 1993)(administrative exhaustion required prior to filing § 2241 petition). (# 12 at 3-5). Respondent's Response further states:

> In this action, Petitioner's challenge is to the way he believes the BOP will calculate his federal sentence at some future date. Where an inmate is in state custody and challenges the way the BOP will carry out a federal sentence at some future date, exhaustion is required. See Miller v. Burt, No. 3:06-2755-TLW-JRM, 2007 WL 2428542 *3-4 (D. S.C. Aug. 21, 2007)(exhaustion required even if prisoner could not exhaust until he was in BOP custody, when inmate in state custody assumed BOP would not agree with his position on his federal sentence; prisoner had to wait until state sentence was served and he was brought into federal custody before filing a habeas petition); Brown v. Ashcroft, No. 01-4256, 2002 WL 1357212 *1 (7th Cir. Jun. 5, 2002)(district court should have dismissed habeas claim for failure to exhaust administrative remedies when a state prisoner challenged the way the BOP would later carry out his federal sentence; district courts are limited to reviewing BOP's decisions about sentencing, and without exhaustion, there was no BOP decision to review); Staley v. Wallace, No. 07-C-179, 2007 WL 709781 *1 (E.D. Wisc. Mar. 5, 2007)(in cases where state inmates challenge the way the BOP will calculate their federal sentences, exhaustion is not an affirmative defense, it is a prerequisite).
>
> Petitioner cannot yet file administrative remedies on the BOP's computation of his federal sentence, as he is not in BOP custody and the BOP has not yet calculated his federal sentence. Therefore, this action is premature and should be dismissed for failure to exhaust administrative remedies.

(Id. at 4-5).

Respondent further asserts that, pursuant to 18 U.S.C. § 3585(a), Petitioner's federal sentence has not yet commenced. That section provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). (# 12 at 5). The Response further states:

> Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction. The basic principle of primary jurisdiction was explained in United States v. Smith:
>
>> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .
>
> United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993)(quoting In re Liberatore, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release,

6

>     dismissal of the state charges, parole release, or
>     expiration of sentence."); Carter v. Felts, No. 5:05-cv-
>     00708, 2008 WL 3457032 * 6 (S.D. W. Va. Aug. 11,
>     2008)("When a federal court imposes sentence upon a
>     defendant already in State custody . . . the principles
>     of comity and primary jurisdiction dictate that the
>     federal sentence does not commence until the State
>     relinquishes its jurisdiction.")(internal citations
>     omitted.)

(Id. at 5-6). Respondent asserts that the State of West Virginia gained primary jurisdiction over Petitioner when they arrested him on April 14, 2003, and will not relinquish that primary jurisdiction until he satisfies that sentence. Respondent further asserts that "borrowing" Petitioner on a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction. See Thomas v. Whalen, 962 F.2d 358, 361 (4th Cir. 1992)(a prisoner is not in custody when he appears in court pursuant to a writ ad prosequendum; he is merely on loan). (Id. at 7).

Respondent correctly contends that Petitioner's federal sentence cannot commence prior to his release from his state sentence based upon the principle of primary jurisdiction. However, under certain circumstances, the Attorney General or the Bureau of Prisons, may designate that a federal sentence commence while the prisoner is in state custody. See United States v. Evans, 159 F.3d 908, 911-912 (4th Cir. 1998)(a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence.") This

process is known as a "nunc pro tunc designation." As noted by Respondent, in accordance with the holding in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the BOP must consider an inmate's request for a nunc pro tunc designation of his state and federal sentences, considering the factors set forth in 18 U.S.C. § 3621(b), but the BOP is not obligated to grant such a designation.

Respondent has treated Petitioner's present section 2241 petition as a request for a nunc pro tunc designation, which has been denied by the BOP. Respondent has correctly asserted that Petitioner must exhaust his administrative remedies concerning the calculation of his federal sentence and the denial of his request for a nunc pro tunc designation before he may have the merits of his section 2241 petition reviewed by this court.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2241 petition is unexhausted and must be dismissed without prejudice. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition (## 1 and 3), without prejudice.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil

Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Chambers.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and a copy should be transmitted to counsel of record.

    November 18, 2009  
          Date

Mary E. Stanley  
United States Magistrate Judge