IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JASON CURTIS BROWN,

        Petitioner,

v.                              CIVIL ACTION NO. 2:09-00172

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Jason Curtis Brown's objections to the Proposed Findings and Recommendation of the Magistrate Judge. In the Proposed Findings and Recommendation, the Magistrate Judge found that Petitioner failed to "exhaust his administrative remedies concerning the calculation of his federal sentence and the denial of his request for a nunc pro tunc designation[.]" *Proposed Findings and Recommendation*, at 8. Thus, the Magistrate Judge recommended that this Court dismiss without prejudice Petitioner's action brought pursuant to 28 U.S.C. § 2241 for failing to exhaust administrative remedies. Petitioner objects to these findings and recommendation but, upon de novo review, this Court agrees with the Magistrate Judge and **DENIES** Petitioner's objections [doc. no. 33] and **DISMISSES** this action **without prejudice**.

As set forth by the Magistrate Judge, Petitioner was arrested and being held in state custody on charges of first degree murder before he was indicted on federal drug charges. While in state custody, Petitioner was federally indicted and appeared before this Court on writs of habeas corpus ad prosequendum. Ultimately, Petitioner pled guilty to a federal drug charge, and on

September 2, 2003, this Court sentenced him to 36 months imprisonment, followed by a term of 3 years supervised release.[1] As Petitioner had not even been indicted on the state murder charge at the time of his federal sentencing, this Court made no comment in the Judgment Order as to whether Petitioner's federal sentence should run concurrent or consecutive to any possible state conviction and sentence.

After being sentenced in federal court, Petitioner remained in state custody and was indicted on the state murder charge on September 13, 2003. Petitioner pled guilty to second degree murder on February 7, 2005. On April 8, 2005, the state court sentenced Petitioner to 25 years imprisonment, with a recommendation that the state sentence run concurrent to the federal sentence. Petitioner remained in state custody throughout the entire time and, on February 23, 2009, he filed a "Motion for Sentence Clarification and/or Motion Requesting Sentence Alteration."[2]

In his motion, Petitioner generally argues that time towards his federal sentence should have begun on the date of his sentencing despite the fact he was in state custody. As recognized by the Magistrate Judge, however, the State of West Virginia had primary jurisdiction over Petitioner from the date of his arrest until the time he completed his state sentence. As Petitioner was still in state custody when he filed his § 2241 petition, his federal sentence had not

---

[1] On June 14, 2010, this Court reduced Petitioner's sentence to 30 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

[2] Petitioner filed the motion in federal criminal action number 2:09-00172. The Magistrate Judge construed the motion as a petition seeking habeas corpus relief under 28 U.S.C. § 2241 and directed the Clerk to terminate the motion in the criminal case and open this civil action to address the petition.

yet commenced. *See* 18 U.S.C. § 3585(a) (stating "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served"). Upon special circumstances, however, the Attorney General or Bureau of Prisons (BOP) may enter what is known as a *nunc pro tunc* designation which allows a federal sentence to begin to run while an inmate is in state custody. *See United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998) (providing that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence" (citations omitted)).

The factors to consider in deciding whether a *nunc pro tunc* designation is appropriate are set forth in 18 U.S.C. § 3621(b). This section provides, in part:

> **(b) Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> **(1)** the resources of the facility contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence--

>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b), in part  Although Petitioner did not specifically request the BOP consider a *nunc pro tunc* designation, the BOP construed his § 2241 petition as such a request and contacted this Court regarding whether it intended Petitioner's federal sentence to run concurrent or consecutive to his state sentence.  This Court responded by letter stating that it was not the Court's intent that the federal sentence run "concurrent with any impending state sentence" and it was the Court's recommendation that the federal sentence run "consecutive to the subsequently imposed state term." *Letter from the Honorable Robert C. Chambers to Mr. John Farrar, Correctional Programs Specialist with the Bureau of Prisons.*  Upon consideration of this Court's letter and the criteria set forth in § 3621(b), the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" and denied Petitioner's request based upon factors 2, 3, and 4.  As Petitioner was not yet in federal custody, he was unable to seek an administrative appeal and, therefore, did not exhaust his administrative remedies.  *See* 28 C.F.R. § 542.10(a) and (b).[3]  As found by the Magistrate Judge, this

---

[3]28 C.F.R. § 542.10(a) and (b) provide:

> (a) Purpose. The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. An inmate may not submit a

(continued...)

Court cannot consider the merits of Petitioner's § 2241 claims until he has exhausted his administrative remedies. *See McClung v. Shearin*, 90 Fed. Appx. 444 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." (citations omitted)).  It appears that, since the Findings and Recommendation were entered, Petitioner was delivered into federal custody and he now may seek administrative review of the BOP's initial decision to deny entry of a *nunc pro tunc* designation while he was in state custody.  Accordingly, the Court **ADOPTS and INCORPORATES** the Findings and Recommendation of the Magistrate Judge and **DISMISSES** Petitioner's § 2241 petition **without prejudice** so that he can pursue administrative remedies with the BOP.

In addition, the court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.

---

[3](...continued)
>Request or Appeal on behalf of another inmate.
>
>(b) Scope. This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities.

28 C.F.R. § 542.10.

*Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to the Honorable Mary E. Stanley, counsel of record, and any unrepresented parties.

        ENTER:       October 15, 2010

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE